J-S24013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN STARKS | |
| Appellant | No. 2380 EDA 2014 |

Appeal from the Judgment of Sentence September 17, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004041-2012

BEFORE:  GANTMAN, P.J., ALLEN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED APRIL 24, 2015**

Appellant, John Starks, appeals *nunc pro tunc* from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his jury trial conviction for persons not to possess firearms.[1]  We affirm and grant counsel's petition to withdraw.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and ***Commonwealth v. Santiago***, 602 Pa.

---

[1] 18 Pa.C.S.A. § 6105.

159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super. 1997)).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are

---

[2] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

references to anything in the record that might arguably support the appeal.

*    *    *

Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360.  Thus, the Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition for leave to withdraw.  The petition states counsel performed a conscientious review of the record and concluded the appeal would be wholly frivolous.  Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately-retained counsel to raise any additional points Appellant deems worthy of this Court's attention.  In his **Anders** brief, counsel provides a summary of the facts and procedural history of the case.  Counsel refers to facts in the record that might arguably support the issues raised on appeal and offers citations to relevant law.  The brief also provides counsel's reasons for concluding that

the appeal is frivolous. Thus, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

As Appellant has filed neither a *pro se* brief nor a counseled brief with new privately-retained counsel,[3] we review the issues raised in the **Anders** brief:

> DID THE SUPPRESSION COURT ABUSE ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM SEARCH WARRANTS FOR HIS DNA?
>
> DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT DENIED APPELLANT'S [OBJECTION] TO PRECLUDE THE JURY [FROM] HEARING THAT THE POLICE OFFICER RECOGNIZED APPELLANT FROM PRIOR ENCOUNTERS?

---

[3] On March 23, 2015, Appellant filed a *pro se* motion for remand and removal of counsel. In it, Appellant relies on **Commonwealth v. Grazier**, 552 Pa. 9, 12, 713 A.2d 81, 82 (1998), for the proposition "that when an appellant requests *pro se* status after his counsel has filed an appellate brief, the request is untimely." Appellant claims counsel knew about this aspect of **Grazier** and "deliberately delayed providing Appellant [with] copies of the brief and motion to withdraw" in an attempt to leave Appellant "unable to file [a] brief raising the issues requested to be raised…." (Motion, filed 3/23/15, at 2). Appellant concludes this Court must strike the **Anders** brief and remand the matter for the appointment of new counsel. Significantly, Appellant ignores **Anders** and **Santiago**, which allow him to file a *pro se* brief after counsel's withdrawal request. Moreover, the record belies the claim that counsel delayed providing a copy of the **Anders** brief to Appellant. By letter dated January 30, 2015, counsel explained Appellant's right to proceed *pro se* or with new privately-retained counsel, and he provided copies of the withdrawal petition and the **Anders** brief to Appellant. (**See** Petition to Withdraw, filed 2/5/15, at 3.) Counsel subsequently filed the **Anders** brief with this Court on February 5, 2015. Thus, Appellant had the opportunity to file a *pro se* brief to raise any additional points he deemed worthy of review. On this record, we deny Appellant's *pro se* motion for remand and removal of counsel.

IS APPELLANT'S CONVICTION FOR PERSONS NOT TO POSSESS, SELL, TRANSFER, ETC., FIREARMS, IN VIOLATION OF 18 PA.C.S. § 6105(a), SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE?

DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT IMPOSED THE MAXIMUM POSSIBLE SENTENCE UPON APPELLANT WITH RESPECT TO HIS FIREARMS POSSESSION CONVICTION?

(*Anders* Brief at 5).

Regarding Appellant's fourth issue, challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P.

2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13 (quoting *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. *Mouzon, supra* at 435, 812 A.2d at 627.

After a thorough review of the record, the briefs of the parties, the

applicable law, and the well-reasoned opinion of the Honorable Gary S. Silow, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed October 17, 2014, at 5-12) (finding: **1)** at suppression hearing, Appellant argued Sergeant Tims did not actually see Appellant driving vehicle involved in January 29, 2012 incident; suppression court, however, credited Sergeant Tims' testimony that he observed Appellant driving vehicle on night in question; **2)** Appellant objected to Commonwealth's questioning of Corporal Bishop about his encounter with Appellant on March 19, 2012; Commonwealth sought to establish that Corporal Bishop saw Appellant driving same vehicle involved in January 29, 2012 incident; court properly permitted questioning, because it was probative of Appellant's identity as driver of vehicle on January 29, 2012, which Appellant had contested; Appellant did not suffer unfair prejudice from admission of Corporal Bishop's testimony; **3)** sufficient evidence supported Appellant's conviction for persons not to possess firearms; Appellant stipulated he is prohibited from possessing firearms, pursuant to Section 6105(b); officer witnessed Appellant driving vehicle from which police retrieved firearm; expert testimony indicated over ninety-nine (99) percent probability that Appellant's DNA was on firearm; **4)** Appellant incorrectly asserted that sentence for firearms conviction fell within aggravated range of sentencing guidelines; court actually imposed standard

range sentence with benefit of pre-sentence investigation report; court provided detailed, on-the-record statement of reasons for sentence imposed). Following our own independent evaluation of the record, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2015

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA
CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | NO. 4041-12 |
| | : | |
| v. | : | |
| | : | |
| JOHN STARKS | : | |

OPINION

SILOW, J.                                                                    OCTOBER 1 F, 2014

Defendant, John Starks, appeals from the judgment of sentence entered following his conviction at a jury trial on the charge of person not to possess a firearm. For the reasons set forth below, the judgment of sentence should be affirmed.

## I.   FACTUAL AND PROCEDURAL HISTORY

In the early morning hours of January 29, 2012, Norristown Police Sergeant William Tims received a radio report of a fight in progress in the area of Barbadoes and Ann Streets in Norristown, Montgomery County. (N.T. 2/13/13, pp. 43-44) Upon arriving at the area, he saw a black Oldsmobile stopped at the corner of Ann and Barbadoes Streets. (*Id.* at 45) He proceeded down Barbadoes Street, passing the vehicle slowly. He saw two individuals inside, including defendant in the driver's seat. (*Id.*) A street light at the intersection illuminated the area and Sgt. Tims knew defendant from seeing him around. (*Id.* at 46-48)

Sgt. Tims continued down Barbadoes Street and saw the vehicle head eastbound on Ann Street. He attempted to circle back to the area where he had seen the vehicle.



While doing so, he came upon the vehicle at a traffic light at the intersection of Cherry and Airy Streets. As Sgt. Tims approached the intersection, the black Oldsmobile ran through a red light and sped away down Cherry Street. (*Id.* at 49-50) The vehicle then blew through stops signs at three intersections along Cherry Street. (*Id.* at 50)

Sgt. Tims followed the vehicle and saw it turn right off of Cherry Street onto Elm Street. He lost sight of the vehicle briefly before coming upon it stopped in an alley behind an apartment. (Id. at 51-52) The vehicle was running, but both doors were open and no one appeared to be inside. (*Id.* at 52)

Norristown Police Corporal Michael Bishop arrived in the alley almost at the same time as Sgt. Tims. (*Id.* at 72) He approached the vehicle on foot to determine whether anyone was inside. He observed a loaded .38 caliber handgun laying in plain view in the vehicle's center console. (*Id.* at 74-75; N.T. 2/14/13, C-4) The firearm was retrieved and placed into a paper bag. The vehicle was impounded and an inventory search revealed the presence of a hairbrush in the same console as the gun. (Id. at 79) The hairbrush was seized as evidence and placed in a separate bag.

Less than two months later, on March 19, 2012, Cpl. Bishop initiated a traffic stop after a vehicle pulled out in front of his marked police vehicle at an intersection, almost causing him to strike it. (*Id.* at 87-88) During the stop, Cpl. Bishop realized defendant was the driver and the vehicle was the same black Oldsmobile defendant had been seen driving back on January 29, 2012. (*Id.* at 88-89) He took defendant into custody on an arrest warrant that had been issued in the wake of the January 29, 2012, incident.

2

Subsequent testing of the firearm indicated the presence of defendant's DNA on the grip and trigger areas. (N.T. 02/14/13, pp. 30-31) His DNA also was found on the hairbrush. (*Id.* at 27-28)

Defendant initially was charged with two counts of firearms not to be carried without a license, receiving stolen property, unauthorized use of an automobile and related summary offenses. He filed a motion to suppress, which this court denied after a hearing.

A jury found defendant guilty of person not to possess a firearm[1] and he was sentenced to five to ten years in prison. He filed post-sentence motions, which this court denied in an order docketed on January 23, 2014. No direct appeal followed.

On March 12, 2014, defendant filed a *pro se* petition under the Post Conviction Relief Act. He alleged, *inter alia*, that trial counsel failed to file a direct appeal on his behalf following the denial of his post-sentence motion. This court appointed counsel to represent defendant in connection with the petition.

Appointed counsel filed an amended PCRA petition that alleged, *inter alia*, that trial counsel did not file a direct appeal. This court granted relief, in part, and reinstated defendant's right to file a direct appeal *nunc pro tunc* within 30 days.[2]

The Public Defender's Office, which subsequently was appointed to represent defendant on direct appeal, filed the *nunc pro tunc* appeal and complied with this court's directive that it produce a concise statement of errors.

---

[1] The Commonwealth amended the Information to include this offense, and ultimately did not proceed with any other charges at trial.

[2] To the extent the *pro se* and amended petitions pursued additional claims of trial counsel ineffectiveness, this court denied them without prejudice to defendant's right to raise them upon the conclusion of his direct appeal.

3

## II. ISSUES

In his counseled concise statement, defendant raises the following issues, which have been recast as follows:

1. The evidence supporting the conviction for person not to possess a firearm was legally insufficient because:

   a. While the Commonwealth's DNA expert witness testified that there were traces of defendant's "touch DNA" on the firearm, it could have come from defendant's skin cells that were normally shed during the day and he frequently had access to the vehicle in which the firearm was found because it belonged to defendant's girlfriend;

   b. The firearm was found in close proximity to defendant's hairbrush, which could be a source of "touch DNA";

   c. The firearm had traces of DNA from at least six different people;

   d. The mere presence of defendant's "touch DNA" on the firearm does not establish that he ever touched or possessed the firearm or even knew of its presence in his girlfriend's vehicle; and

   e. Corporal Michael Bishop and Sergeant Williams Tims contradicted each other with regard to the details of the incident in which the firearm was observed in plain sight.

2. The trial court erred in denying defendant's motion to suppress physical evidence because:

   a. The testimony of Corporal Bishop and Sergeant Tims contradicted each other with respect to the information radioed over police dispatch, with Corporal Bishop testifying that Sergeant Tims was only provided with a description of the vehicle in question whereas Sergeant Tims testified he was provided with information identifying defendant as the driver of the vehicle;

   b. The testimony differed regarding whether the vehicle's doors were open when Sergeant Tims approached the vehicle and allegedly observed the firearm in plain sight, with Corporal Bishop testifying that he opened the car door and shined in his light;

4

c.  The officers lacked the necessary probable cause to investigate the vehicle owned by defendant's girlfriend based upon the information relayed to them by police dispatch;

d.  The firearm was not in plain view from outside the vehicle and could only be observed if the doors were open; and

e.  The vehicle search by Corporal Bishop and Sergeant Tims violated defendant's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and Article I, § 8 of the Pennsylvania Constitution.

3.  The trial court erred in overruling defendant's motion in limine regarding Commonwealth evidence to the effect that defendant was observed and pulled over months after the incident, at which time he was operating the same vehicle in which the firearm had been recovered.

4.  The trial court abused its discretion when it imposed the maximum possible sentence for the conviction under Section 6105(a) because sufficient reasons were not placed on the record for the imposition of the maximum possible sentence of five to ten years for a felony of the second degree.

## III.  DISCUSSION

### A.  THE EVIDENCE PRESENTED AT TRIAL WAS SUFFICIENT TO SUPPORT DEFENDANT'S CONVICTION FOR PERSON NOT TO POSSESS A FIREARM.

Defendant first contends the evidence was insufficient to support his conviction. This court disagrees.

The Superior Court uses the following well-established standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every

5

element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citations omitted).

Defendant challenges his conviction under 18 Pa. C.S. § 6105(a)(1), which prohibits a person who has been convicted of a specified offense from, *inter alia,* possessing or controlling a firearm in this Commonwealth. Defendant stipulated at trial that he is a person prohibited from possessing or controlling a firearm. (N.T. 2/14/13, p. 5) As for the remaining elements of the offense, as detailed previously, the evidence, when viewed in the light most favorable to the Commonwealth, amply supported the jury's verdict. In particular, defendant was seen driving the vehicle from which a firearm was retrieved. Expert testimony indicated that there was over a 99 percent probability that defendant's DNA was on the firearm. (N.T. 2/14/13, pp. 30-31) The jury was free to credit this evidence and find defendant guilty of Section 6105(a)(1).[3]

---

[3] Despite this court having addressed the merits of the claim, it may, indeed, be waived. A challenge to the sufficiency of the evidence must be raised in a concise statement that asserts with specificity the element or elements upon which the defendant alleges that the evidence was insufficient. *Commonwealth v. Garland*, 63

Moreover, it appears defendant's claim is not actually an attack on the sufficiency of the evidence, but rather a challenge to its weight. While defendant did contest the weight of the evidence in a post-sentence motion, he did not do so in his concise statement. The concise statement asserts that the evidence was "legally insufficient" to support the conviction under Section 6105(a). *See Concise Statement,* ¶ 1. As such, to the extent defendant's challenge is to the weight of the evidence, he has waived it. *See e.g., Commonwealth v. Priest,* 18 A.3d 1235 (Pa. Super. 2011) (stating that weight of the evidence claim is waived for failure to present argument in court-ordered statement).

## B.   THIS COURT PROPERLY DENIED DEFENDANT'S MOTION TO SUPPRESS.

Defendant next alleges that this court erred in denying his motion to suppress. The issue, as framed at the suppression hearing, focused on an alleged material misrepresentation in an application for a search warrant to take a DNA swab from defendant. (N.T. 2/8/13, pp. 10-11, 33, 68-70) In particular, defendant argued that Sgt. Tims did not see defendant driving the vehicle on January 29, 2012, and any statement to that effect in the application was inaccurate. To the extent defendant has included in his concise statement challenges other than that, they have not been preserved. *See* Pa. R.A.P. 302(a) (stating that claims not raised before the trial court cannot be raised for the first time on appeal). To the extent defendant continues to

---

A.3d 339 (Pa. Super. 2013) (citing *Commonwealth v. Gibbs,* 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied,* 3 A.3d 670 (Pa. 2010). Although defendant has asserted in his concise statement a number of challenges to the evidence, which may be read to infer an attack on the possession/control element of the offense, he does not specify the element or elements that he believes were not proven with legally sufficient evidence.

7

assert a material misrepresentation appears in the search warrant application, this court properly denied the motion to suppression.

The Superior Court's standard of review when assessing a challenge to the denial of a motion to suppress

> is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, [the Superior Court] may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the Superior Court is] bound by these findings and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Simmen*, 58 A.3d 811, 814 (Pa. Super. 2012) (quoting *Commonwealth v. McAdoo*, 46 A.3d 781, 783-84 (Pa. Super. 2012) (citations omitted).

"In order to secure a valid search warrant, an affiant must provide a magistrate with information sufficient to persuade a reasonable person that there is probable cause for a search." *Commonwealth v. Baker*, 24 A.3d 1006, 1017 (Pa. Super. 2011) (citations omitted). The Superior Court has "recognized that the veracity of facts establishing probable cause recited in an affidavit supporting a search warrant may be challenged and examined," but it has "not suggested that every inaccuracy will justify an exclusion of evidence obtained as a result of the search." *Id.* at 1017 (quoting *Commonwealth v. Monte*, 329 A.2d 836, 842-843 (Pa. 1974) (internal citations and footnote omitted). "The suppression court has sole authority to assess the credibility of the witnesses and is entitled to believe all, part or none of the evidence presented." *Simmen*, 58 A.3d at 817 (Pa. Super. 2012) (citations omitted). The suppression court's

credibility determinations will not be disturbed on appeal. *Id.*

Here, the issue raised by defendant at the suppression hearing was his contention that Sgt. Tims did not actually see him driving the vehicle on January 29, 2012. This court found Sgt. Tims testified credibly at the suppression hearing as to his observation of defendant driving the vehicle on the night in question. The absence of the alleged material misstatement in the application for the search warrant, therefore, compelled the denial of defendant's motion to suppress.

### C. THIS COURT PROPERLY DENIED DEFENDANT'S MOTION IN LIMINE.

Defendant claims this court erred in denying his motion in limine related to evidence that he was pulled over some months after the January 2012 incident by Cpl. Bishop while driving the same vehicle from which the firearm had been recovered.[4] The claim does not warrant relief.

The Superior Court has set forth the standard of review used when considering a trial court's evidentiary rulings as follows:

> The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevant and probative value of the evidence against the prejudicial impact of the evidence. Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact. Although a

---

[4] Defendant makes reference in his concise statement to pages 5-7 of the notes of testimony from February 13, 2013, in connection with this claim. Defendant did make a motion in limine prior to the start of trial, as evidenced in pages 5-7, regarding Sgt. Tims' prior encounters with him. Defendant did not make a motion in limine seeking the exclusion of Cpl. Bishop's subsequent observation of defendant driving the same vehicle; he raised an objection during trial while Cpl. Bishop was testifying on direct examination by the Commonwealth (N.T. 02/13/13, pp. 84-87).

9

> court may find that evidence is relevant, the court may
> nevertheless conclude that such evidence is inadmissible on
> account of its prejudicial impact.

*Commonwealth v. Antidormi*, 84 A.3d 736, 749 (Pa. Super. 2014).

Pennsylvania Rule of Evidence 403 authorizes the trial court to exclude relevant evidence if its probative value is outweighed by, *inter alia*, unfair prejudice. The comment to Rule 403 defines "unfair prejudice" as having "a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa. R.E. 403 cmt. Evidence is not subject to exclusion as unfairly prejudicial simply because it is harmful to the defendant. *Antidormi*, 84 A.3d at 750 (citation omitted).

An abuse of discretion does not involve a mere error of judgment. *Id.* at 749-750 (citations omitted). Rather, an abuse of discretion is "the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Id.* (citations omitted).

During trial, the Commonwealth sought to ask Cpl. Bishop about his encounter with defendant on March 19, 2012. The proposed testimony was to the effect that Cpl. Bishop saw defendant driving the same vehicle as the night the firearm was recovered. Defendant objected, arguing the prejudicial effect of the evidence outweighed its probative value. (N.T. 02/13/13, pp. 85-87) This court properly permitted the questioning because it was probative of defendant's identity as the driver on January 29, 2012 – an issue defendant contested – and he suffered no unfair prejudice from its admission. As such, defendant is not entitled to relief on this claim.

10

## D.     THIS COURT IMPOSED A LAWFUL SENTENCE.

Defendant's final claim of error alleges that this court imposed the maximum possible sentence for his conviction without placing sufficient reasons on the record. The claim does not warrant relief.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002) (citations omitted).

The standard range sentence for defendant's conviction, as he concedes, is 48 to 60 months. (N.T. 9/17/13, p. 22; concise statement, ¶ 4(b)) This court imposed a standard range sentence of 5 to 10 years imprisonment. As such, defendant's claim that he was sentenced in the aggravated range is without merit.

Even had the sentence fallen in the aggravated range, this court placed ample reasons on the record to support a departure from the standard range. *See Bowen*, 55 A.3d at 1263-1264 (citations omitted) ("In every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence.").

The record from the sentencing hearing establishes that this court had the benefit of a pre-sentence investigation report and was aware of, and took into consideration, factors including defendant's age, background, remorse and cooperation. (N.T. 9/17/13, pp. 30-33) The court detailed on the record the reasons for the sentence it imposed. As such, even were defendant to be heard on the claim

11

that his sentence falls within the aggravated range, he is not entitled to relief on his challenge to this court's exercise of its discretion in fashioning his sentence.

## IV.   CONCLUSION

Based upon the foregoing, this court respectfully submits that the judgment of sentence should be affirmed.

BY THE COURT:

_____
GARY S. SILOW                    J.

Copies sent on _10/17/14_
to the following:
Clerk of Courts
Deputy District Attorney Robert M. Falin
Assistant Public Defender Timothy P. Wile, Esq.

_____
Judicial Secretary

12